UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STEPHEN L. GOINS,
        Plaintiff,

                                        PRISONER
        v.                      CASE NO. 3:11-cv-858(AWT)

BRIAN K. MURPHY, et al.,
        Defendants.

_____**INITIAL REVIEW ORDER**_____

The plaintiff, currently incarcerated at Northern

Correctional Institution in Somers, Connecticut, has filed a

complaint *pro se* under 42 U.S.C. § 1983.  He sues Commissioner of

Correction Brian K. Murphy, District Administrator Michael

Lajoie, Warden Angel Quiros and Deputy Warden Lauren Powers.

Pursuant to 28 U.S.C. § 1915A(b), the court must review

prisoner civil complaints against governmental actors and

"dismiss ... any portion of [a] complaint [that] is frivolous,

malicious, or fails to state a claim upon which relief may be

granted," or that "seeks monetary relief from a defendant who is

immune from such relief."  *Id*.  Rule 8 of the Federal Rules of

Civil Procedure requires that a complaint contain "a short and

plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed

allegations are not required, "a complaint must contain

sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face.  A claim has facial

plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that the Department of Correction designated him as a Security Risk Group Safety Threat Member and that he was required to participate in a three-phase program at Northern.  On or about July 15, 2010, he began phase one of the program and was permitted one hour out of his cell to exercise.  During the other twenty-three hours, he was confined to his cell.

In October 2009, Commissioner Brian Murphy authorized a new policy requiring inmates in the phase program at Northern to be handcuffed behind their backs during recreation.  The plaintiff claims that he has been forced to exercise with his hands cuffed behind his back from July 15, 2010 to February 16, 2011.  The plaintiff alleges that he has been unable to engage in meaningful exercise with his hands behind his back and has suffered neck and

shoulder pain and cuts and abrasions on his wrists.

The plaintiff seeks monetary damages.  To the extent that plaintiff sues the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After reviewing the complaint, the court concludes that the case should proceed at this time as to the claims against all defendants in their individual capacities.

**ORDERS**

The court enters the following orders:

(1)  The claims against defendants for monetary damages in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The claims in the complaint shall proceed against all defendants in their individual capacities.

(2)  Within **fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work addresses for the defendants and mail waiver of service of process request

3

packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)  **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)  **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this Order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(6)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order.  Discovery requests need not be filed with the court.

4

(7)   All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8)   Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

It is so ordered.

Dated this 10th day of November 2011, at Hartford, Connecticut.

/s/AWT
_____
Alvin W. Thompson
United States District Judge
