UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------x
STEPHEN L. GOINS,                :
                                 :
            Plaintiff,           :
                                 :
v.                               :   Civil No.  3:11cv858(AWT)
                                 :
BRIAN K. MURPHY, MICHAEL LAJOIE, :
ANGEL QUIROS, and LAUREN POWERS, :
                                 :
            Defendants.          :
--------------------------------x
```

## ORDER RE MOTION TO DISMISS

For the reasons set forth below, Defendants' Motion to Dismiss (Doc. No. 34) is hereby GRANTED.

### Background

The pro se plaintiff, Stephen L. Goins, was incarcerated at Northern Correctional Institution in Somers, Connecticut during the time period relevant to this action.  While at Northern, the plaintiff was designated as a Security Risk Group Safety Threat Member ("SRGSTM").  Under that designation, the plaintiff was required to have his hands shackled behind his back during all of his recreation periods.  The plaintiff claims that his constitutional rights were violated when he was forced to exercise with his hands cuffed behind his back from July 15, 2010 to February 16, 2011.  He alleges that he was unable to engage in meaningful exercise with his hands behind his back and has suffered neck and shoulder pain and cuts and abrasions on

1

his wrists.  The plaintiff seeks compensatory and punitive damages.

The defendants are current or former Department of Correction employees.  The defendants have moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis of qualified immunity to the extent the claims have been brought against the defendants in their individual capacities.[1]  The defendants have served upon the plaintiff a Notice to Pro Se Litigant Opposing Motion to Dismiss as Required by Local Rule 12(A) via first-class mail.  To date, no response to the instant motion has been filed.

**Legal Standard**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007), citing Papasan v. Allain, 478 U.S.

---

[1] The court dismissed all claims against the defendants for monetary damages to the extent the defendants were sued in their official capacities.  (See Initial Review Order, Doc. No. 6, 3.)

265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted).  However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the

pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

When considering the sufficiency of the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

**Discussion**

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2080 (2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Id. at 2083 (quoting Anderson v. Creighton, 483 U.S.

4

635, 640 (1987)) (internal quotation marks and brackets
omitted).  The Second Circuit applies a three-step inquiry in
determining when a right is clearly established.

> First, the particular right under consideration must
> be defined with reasonable specificity. Next, the
> court must determine whether the decisional law of the
> Supreme Court or the appropriate circuit court has
> clearly established the right in question. The
> ultimate inquiry is whether in light of preexisting
> law the unlawfulness of the defendant official's
> actions is apparent.

Francis v. Coughlin, 891 F.2d 43, 46 (2d Cir. 1989) (citing
Anderson, 483 U.S. at 639-640).  "If an official's conduct did
not violate a clearly established constitutional right, or if
the official reasonably believed that his conduct did not
violate such a right, then he is protected by qualified
immunity."  Walker v. Schult, 717 F.3d 119, 126 (2d Cir. 2013).

No Supreme Court or Second Circuit case has held that
handcuffing an inmate during recreation for security reasons is
unconstitutional.  See, e.g., Morgan v. Rowland, No.
3:01CV1107(CFD), 2006 WL 695813, at *7-8 (Mar. 17, 2006)
(granting summary judgment on the plaintiff's claim that he was
required to attend recreation in restraints and concluding that
the defendants would have been entitled to qualified immunity).
Therefore, even if the plaintiff could prove that a violation
did occur, the defendants are protected by qualified immunity.

**Conclusion**

For the reasons set forth above, the defendants' motion to dismiss is being granted.  The Clerk shall close this case.

It is so ordered.

Signed this 2nd day of September 2014 at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge